**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000881
26-APR-2019
08:20 AM**

NO. CAAP-17-0000881

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
DAVIT SOO, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-17-01747)


SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., and Fujise and Reifurth, JJ.)

Defendant-Appellant Davit Soo appeals from the Notice
of Entry of Judgment and/or Order and Plea/Judgment, filed on
November 6, 2017, in the District Court of the First Circuit,
Honolulu Division ("District Court").[1/]  Soo was convicted of
Operating a Vehicle Under the Influence of an Intoxicant
("OVUII"), in violation of Hawaii Revised Statutes section 291E-
61(a)(1) (Supp. 2016).

On appeal, Soo claims (1) he did not waive his right to
testify because the District Court's colloquy under *Tachibana v.
State*, 79 Hawai'i 226, 900 P.2d 1293 (1995) was insufficient,
and, in light of that, (2) there was insufficient evidence to
convict him.

Upon careful review of the record and the briefs
submitted by the parties and having given due consideration to
the arguments advanced and the issues raised by the parties, we
resolve Soo's points of error as follows:

---

[1/]  The Honorable Sherri-Ann L. Iha presided.

(1) The District Court's right-to-testify colloquy was defective; thus, the District Court did not obtain an on-the-record waiver of Soo's right to testify. *See, e.g., State v. Celestine*, 142 Hawai'i 165, 170, 415 P.3d 907, 912 (2018); *State v. Pomroy*, 132 Hawai'i 85, 87, 319 P.3d 1093, 1095 (2014); *cf. State v. Tolentino*, No. CAAP-17-0000533, 2018 WL 2328877, at *3 (Haw. Ct. App. May 23, 2018) (holding *Pomroy* inapposite because the court did not recite a litany of rights, but engaged in an "exchange" with the defendant). In the pre-trial colloquy, the District Court recited numerous rights to Soo and then only asked if he understood the advisement. Soo answered, "Yes, I do." During the colloquy, after the State rested, Soo only responded that he did not intend to testify and it was his choice not to testify. There was no showing that Soo understood the rights recited to him, nor was he engaged in a true exchange to ascertain his understanding of his rights as required under applicable case law. *Pomroy*, 132 Hawai'i at 93, 319 P.3d at 1101. The District Court simply advised Soo of his rights. *Id.* at 94, 319 P.3d at 1102. The error was not harmless beyond a reasonable doubt because it is unknowable from the record whether Soo's testimony, had he given it, could have established reasonable doubt that he committed OVUII. *Id.*

(2) When the evidence adduced at trial is considered in the strongest light for the prosecution, *State v. Matavale*, 115 Hawai'i 149, 157-58, 166 P.3d 322, 330-31 (2007) (quoting *State v. Batson*, 73 Haw. 236, 248-49, 831 P.2d 924, 931 (1992)), there was sufficient evidence to convict Soo of OVUII. Officer Jared Spiker testified he first observed Soo driving on Keeaumoku and Kinau Streets, which are public ways, streets, roads, or highways. As he followed Soo, he observed Soo's vehicle drift to the right over a skipdash white lane marking by one or two feet then come back into his lane. Soo drifted into the right lane three times. While still driving on Keeaumoku Street, Soo approached Wilder Avenue, disregarded a red light at the intersection, and stopped in the middle of the intersection for one or two seconds. Soo then reversed, but stopped over a crosswalk, completely blocking it, for 15 to 20 seconds until the

light turned green.  After stopping Soo, Officer Spiker smelled a strong odor of alcohol on Soo's breath, Soo's face was flush, and he had red, watery, and glassy eyes.  Officer Spiker stated that the incident occurred in the City and County of Honolulu, State of Hawai'i.

Officer Richard Townsend testified that on April 26, 2017, at approximately 5:00 a.m., he administered the standardized field sobriety tests to Soo.  While Soo was taking the Horizontal Gaze Nystagmus test, he swayed in a noticeable manner and in all directions despite being instructed to stand still.  While Officer Townsend explained the instructions to the walk-and-turn test, Soo was not able to keep his balance and could not hold a heel-to-toe stance as instructed.  During the first nine steps forward of the test, Soo missed his heel-to-toe steps by more than two inches multiples times, he placed his feet together, counted to three but did not take any steps, and almost fell, all contrary to the instructions.  Soo raised his arms during a turn when he was not instructed to raise his arms.  On the nine steps back after the turn, he took ten steps, stumbled, and stopped walking.  During the one-leg stand test, Soo was instructed to raise one foot six inches and keep it parallel to the ground, keep his arms at his side, and count until he was told to stop.  Soo counted to 12 and went back to three, only raised his foot one inch off the ground, put his foot down twice, and swayed in all directions throughout the test.  After completing the field sobriety tests, Officer Townsend believed Soo was intoxicated, should not be operating a vehicle, and could not safely operate his vehicle.

Therefore, there was sufficient evidence that Soo was under the influence of alcohol in an amount sufficient to impair a person's normal mental faculties or ability to care for the person and guard against casualty when he operated or assumed actual physical control of his vehicle on a public way, street, road, or highway in the County of Honolulu, State of Hawai'i.  *See, e.g., State v. Davidson*, No. CAAP-17-0000845, 2019 WL 1771519, at *2 (Haw. Ct. App. Apr. 23, 2019) (holding, under similar circumstances that there was sufficient evidence of OVUII).

3

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on November 6, 2017, in the District Court of the First Circuit, Honolulu Division, is vacated and the case is remanded for a new trial.

DATED: Honolulu, Hawai'i, April 26, 2019.

On the briefs:

Matthew K. Ka'aihue,
Deputy Public Defender,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

4